IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **LESLIE TYLER-PERKINS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:18-cv-00872 |
| **VIRGINIA COMMUNITY COLLEGE SYSTEM,** | ) ) ) ) |
| and | ) ) |
| **COMMONWEALTH OF VIRGINIA,** | ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, Leslie Tyler-Perkins ("Plaintiff"), by counsel, hereby alleges the following causes of action:

## INTRODUCTION

1. Plaintiff brings causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, against Defendants, Virginia Community College System and the Commonwealth of Virginia, arising from its unlawful and discriminatory application of its layoff and job classification policy and procedures against Plaintiff on the basis of race and/or gender.

## PARTIES

2. Plaintiff, Leslie Tyler-Perkins, is a natural person and a citizen of the Commonwealth of Virginia, residing in Louisa County, Virginia.  At all relevant times, Plaintiff

was an employee of Defendants as an automotive instructor at J. Sargeant Reynolds Community College's School of Business. Defendant's school of business.

3. Defendant, Virginia Community College System ("VCCS") is an agency of the Commonwealth of Virginia, including J. Sargeant Reynolds Community College ("JSRCC"), located in Henrico County, Virginia, and other neighboring counties and cities of the Commonwealth.

4. At all relevant times, Plaintiff was an "employee" of Defendants as defined by 42 U.S.C. § 2000e(f).

5. At all relevant times, Defendants were an "employer" as defined by 42 U.S.C. § 2000e(b).

## JURISDICTION & VENUE

6. On or about August 26, 2018, Plaintiff timely filed a Title VII Charge of Discrimination based on race and sex with the Equal Employment Opportunity Commission ("EEOC") and, pursuant to a work sharing agreement, with the Virginia Division of Human Rights.

7. On September 18, 2018, the EEOC issued a Notice of Right to Sue to Plaintiff, which Plaintiff, by counsel, received on September 20, 2018.

8. Plaintiff timely files this action less than ninety (90) days after receipt of the Notice of Right to Sue.

9. This Court has subject matter jurisdiction of this action pursuant to Title VII.

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Count I arises under Title VII, a law of the United States.

11. Venue for this action lies properly in the United States District Court for the Eastern District of Virginia, Richmond Division, pursuant to 28 U.S.C. § 1391, because the events giving

rise to Plaintiff's claims occurred in Henrico County, Virginia, which is a territory included within those assigned to the Richmond Division of the Eastern District of Virginia.

## FACTUAL BACKGROUND

12. Plaintiff is a fifty-three-year-old African-American woman.

13. In spring of 2006, JSRCC hired Plaintiff as an Adjunct Instructor in the School of Business, within the Automotive Technology department.

14. In the fall of 2008, JSRCC hired Plaintiff as full-time Nine-Month Teaching Faculty.

15. Shortly thereafter, Ty Corbin ("Corbin") assumed the position of Interim Dean after the death of Dean Robert Hines, and then Joel Adler ("Adler") became the first Assistant Dean with his office on the Goochland Campus. During this time, Corbin evaluated Plaintiff and he noted she had extensive GM automotive training used in her teaching. Immediately thereafter, Adler asked Plaintiff to undertake Ford automotive training to be able to teach classes to work on Ford automobiles and be the backup instructor for the Ford program.

16. At about the same time, Christopher Peace, Coordinator of the GM ASEP program (12-month contract) resigned, causing Corbin and/or Adler to assign Alan Crouch ("Crouch"), a Caucasian male, to the open GM position. Crouch was hired to a full-time position at JSRCC at the same time as Plaintiff and Plaintiff had more GM training and experience than Crouch.

17. Each time a twelve-month faculty position became available, JSRCC bypassed Plaintiff in favor of Caucasian male faculty, despite Plaintiff meeting necessary qualifications for each position.

18. When Plaintiff finally received a full-sized tool box to work with and to be used to teach her automotive classes, like all other Automotive Technology faculty who were all male and

who already had full-sized tool boxes, the program head then gave the male employees copies of Plaintiff's keys and the male colleagues used Plaintiff's tool box as community property. Meanwhile, Plaintiff was held responsible for the security of her full-sized tool box with no way to properly secure it. At this time, Plaintiff did not have keys to the other male faculty tool boxes until after she complained multiple times in e-mails to the program head about the disparate treatment.

19. In the spring of 2013, Michael Trapani ("Trapani"), a Caucasian male and Coordinator of the Ford ASSET Program under a twelve-month contract, became ill, causing JSRCC to cancel all Ford classes. Plaintiff applied for the position and requested the same twelve-month contract as Trapani had. However, when Plaintiff obtained the position, JSRCC only provided Plaintiff with a nine-month contract.

20. Further, David Barrish ("Barrish"), a Caucasian male and Dean of the Business School responsible for the Automotive Technology department, told Plaintiff he would request a twelve-month contract, but it was not obtained.

21. In addition, JSRCC forced Plaintiff to undergo a rapid training and preparation schedule to teach classes according to Ford and JSRCC standards, which required extensive traveling by Plaintiff once or twice a month out of the Commonwealth to take training classes.

22. Plaintiff also did not obtain any increase in pay.

23. When JSRCC required Trapani and Plaintiff to switch work and teaching tool boxes, JSRCC again requested Plaintiff to provide a copy of the keys to the program head. JSRCC only made this a requirement of the African-American manufacture program teachers, Plaintiff and an African-American male in the GM program. None of the Caucasian faculty had to give up copies of their tool box keys.

24. During her employment, Plaintiff also regularly earned less than lower ranked Caucasian male instructors.

25. In 2016, Crouch, on behalf of JSRCC, hired Louis Luchsinger ("Luchsinger"), a Caucasian male, as faculty teaching instructor with the additional responsibilities as program head of Automotive Technology.

26. In the fall of 2017, Barrish met with Plaintiff for a yearly performance evaluation. At that meeting, Barrish gave Plaintiff until November to get her ASE (Automotive Service Excellence) L1 Certification to support her job position requirements.

27. On October 5, 2017, Barrish wrongfully issued a counseling memorandum to Plaintiff for not having her ASE LI Certification and threatened to fire Plaintiff. Later, the memorandum had to be withdrawn because Plaintiff did not have a full evaluation year at the time of the memorandum.

28. During Barrish's tenure as Dean, and within months of her unknown and upcoming lay off, Barrish stated several times to different persons, "I don't believe in the (VCCS) policy that the last hired is the first to go," or words to that effect.

29. During this time in the Fall 2017 semester, JSRCC implemented reductions in force due to declining enrollment.

30. As a result, on October 31, 2017, Barrish issued a letter to Plaintiff notifying her of her layoff.

31. JSRCC instead, and in violation of VCCS policy, retained Luchsinger, who JSRCC hired well after Plaintiff.

32. Plaintiff was the most senior faculty member in the layoff of Automotive Technology faculty.

33. Plaintiff was the only person of color and the only female in the Automotive Technology department who JSRCC laid off.

34. VCCS Policy 3.11.1.1.b establishes guidelines for releasing teaching faculty in order of least seniority, providing, in part, "teaching faculty within a given discipline, teaching field or program shall be released in order of least seniority."

35. Plaintiff's instructor position and the program head position are both in the same teaching field, Automotive Technology, and Plaintiff had more seniority than Luchsinger.

36. Plaintiff challenged her termination through the VCCS grievance procedure, alleging JSRCC failed to follow proper layoff procedures by terminating Plaintiff while retaining the last-hired employee, Luchsinger. Plaintiff lost in immediate appeals to Barrish and other members of the JSRCC administration. Plaintiff appealed to an Ad Hoc Hearing Committee as provided by the grievance policy.

37. On April 18, 2018, the Ad Hoc Hearing Committee found in favor of the Plaintiff and held JSRCC, following the guidance of VCCS, did not follow VCCS policy 3.11.1.1.b as both challenged positions are teaching faculty, and both positions are in the same teaching field, Automotive Technology.

38. However, the President of JSRCC overturned this decision, and thereafter the Plaintiff appealed to the VCCS appeals panel. The VCCS appeals panel upheld the President's decision. Plaintiff thereafter appealed to the State Board for Community Colleges.

39. During this time, Plaintiff, being unemployed since January 1, 2018, contracted to take a teaching position at a lower salary and greater distance from her home at the Green County Technical Center, in Green County, Virginia, on July 14, 2018.

40. On July 20, 2018, the State Board for Community Colleges agreed with Plaintiff's position and ordered reinstatement of Plaintiff to her position without any loss of rank, seniority, status, or continuity of service.

41. On or about July 31, 2018, JSRCC reinstated Plaintiff.

42. On or about August 3, 2018, a JSRCC representative informed Plaintiff, by counsel, she was again going to be slated for JSRCC's next and upcoming round of layoffs and it would be in her best interest to resign.

43. Based upon representations of JSRCC and its prior discriminatory practices, fear of returning to a hostile work environment, just having obtained her new job position, and feeling she had no other option, Plaintiff involuntarily resigned from JSRCC on August 15, 2018.

## STATEMENT OF CLAIMS

### COUNT I:

### RACE & SEX DISCRIMINATION (42 U.S.C. § 2000e-2(a)(1))

44. Plaintiff incorporates by reference and re-alleges each allegation set forth above.

45. Plaintiff was the only African-American female faculty member of the Automotive Technology department of JSRCC.

46. JSRCC consistently treated Plaintiff differently than her Caucasian male colleagues.

47. Each time a twelve-month faculty position became available, JSRCC bypassed Plaintiff in favor of Caucasian male faculty, despite Plaintiff meeting necessary qualifications for each position.

48. JSRCC purposefully, intentionally, and willfully violated VCCS policy and procedure during the Fall 2017 reductions in force in an effort to remove an African-American female faculty member in favor of a Caucasian male faculty member.

49. Due to the actions of Defendants, Plaintiff suffered lost wages and benefits, mental and emotional distress, anxiety, shame, humiliation, embarrassment, loss of enjoyment of life, helplessness, hopelessness, inconvenience, stress, and attorneys' fees and costs.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in her favor and against Defendants, Virginia Community College System and Commonwealth of Virginia, in whole or in part;

B. Declare the acts and practices complained of herein are in violation of her rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

C. Enjoin Defendants from engaging in such unlawful employment practice;

D. Order such affirmative action as may be appropriate, including, but not limited to, awarding Plaintiff front pay;

E. Award Plaintiff all back pay and benefits, including salary increases, retirement benefits, possible bonuses, vacation pay, and health insurance, with interest on same running from August 15, 2018 until the date a final judgment is entered for her;

F. Award Plaintiff money damages for the personal and professional reputational damages and the severe emotional distress damages caused by the unlawful actions of Defendants;

G. Award Plaintiff reasonable attorneys' fees and costs;

H. Award Plaintiff a separate amount to offset the adverse tax effects of lump sum payments of damages and/or back or front pay;

I. Award Plaintiff pre- and post-judgment interest on any monetary award;

J. Award Plaintiff all other such equitable relief as may be appropriate to effectuate the purposes of 42 U.S.C. § 2000e-5, including, but not limited to, leave to amend the facts, add parties and claims, and amend damages sought as further evidence is obtained through discovery in this matter.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

          Respectfully submitted,

          **LESLIE TYLER-PERKINS**
          *Plaintiff*

By:         /s/
          James B. Thorsen, Esq.
          VSB No. 18113
          Jesse A. Roche, Esq.
          VSB No. 82579
          Attorney for Leslie Tyler-Perkins
          THORSENALLEN LLP
          5413 Patterson Avenue, Suite 201
          P. O. Box 17094
          Richmond, Virginia 23226
          Telephone: (804) 447-7234
          Facsimile: (804) 447-7813
          E-mail: jthorsen@thorsenallen.com
          E-mail: jroche@thorsenallen.com